# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO.  2:08-cr-00222

SAMUEL SOLOMON TAYLOR,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the Defendant's motion (Document 76), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline.  On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.  Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 78).  The Court has subsequently received materials submitted by the Probation Office and the parties on this issue.

The Defendant was originally sentenced to sixty (60) months in prison, which is the statutory mandatory minimum sentence for a conviction of possessing with the intent to distribute five (5) grams or more of cocaine base.  (Document 42).  At the original sentencing, Defendant's total

offense level of twenty-four (24) combined with a Criminal History Category I, produced a Guideline range of fifty-one to sixty-three (51-63) months. However, the statutory requirements provided for a mandatory minimum sentence of five years. Therefore, Defendant's Guideline range became sixty to sixty-three (60-63) months of imprisonment. Applying the 2011 amendments to the Guidelines, Defendant's base offense level would be reduced to twenty-two (22). His total offense level would be reduced to twenty (20), after applying a two-level reduction for acceptance of responsibility. Given a total offense level of twenty (20) and a Criminal History Category of I, the Defendant's revised Guideline range would be thirty-three to forty-one (33-41) months. However, under the amended Guidelines, the Defendant is still subject to the five-year mandatory minimum sentence required by statute. Therefore, Defendant is not eligible for a sentence reduction. In their written responses, both Counsel for the United States and the Defendant acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 79 and 80). For these reasons, the Court **ORDERS** the § 3582 Motion (Document 76) be **DENIED**.[1]

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER:        January 18, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1]  *See also United States v. Bullard*, 645 F.3d 237, 248 (4th Cir. 2011) ("We agree with all eight circuits that have ruled on the issue that the [Fair Sentencing Act of 2010] contains no express statement of retroactivity, nor can any such intent be inferred from its language."); *United States v. Wilson*, 401 F.App'x 760, 762 (4th Cir. 2010) (unpublished decision) (finding that Fair Sentencing Act of 2010 does not apply retroactively and rejecting claim that sentencing disparity between crack and powder cocaine offenses violates either equal protection and due process.)